IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 05-cv-01061-MSK-PAC

PATRICIA DALTON,

        Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a mutually held insurer
owned by its members, doing business in the State of Colorado with national headquarters in
Bloomington, Illinois, and
STATE FARM FIRE AND CASUALTY COMPANY, a wholly owned subsidiary of State Farm
Mutual Automobile Insurance Company, also known jointly and severally as State Farm
Companies,

        Defendants.

---

**ORDER DISMISSING PLAINTIFF'S CLAIMS, WITHOUT PREJUDICE,[1]
AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE**

---

THIS MATTER comes before the Court on the Plaintiff's Motion for Extension of Time

to File Amended Complaint Prior to Service and for Service of Amended Complaint, Pursuant to

F.R.C.P. 4(m) for Good Cause Shown **(#10)**.  Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

The Plaintiff commenced this action on June 10, 2005.  On July 8, this Court issued an

Order **(#2)** directing the Plaintiff to show cause why her claims should not be dismissed after

determining there were insufficient allegations in the Complaint **(#1)** to support this Court's

subject matter jurisdiction.  The Court set a deadline of July 29, 2005 for the Plaintiff to file an

---

[1] This is not a dismissal on the merits of the Plaintiff's claims.

Amended Complaint or to otherwise show cause.

The Plaintiff then filed a motion **(#3)** asking for additional time to file an Amended Complaint.  She asserted that under Fed. R. Civ. P. 4(m), she had until October 8, 2005 to serve an Amended Complaint upon the Defendants.  She therefore asked for a deadline of October 8, 2005 to file and serve an Amended Complaint.

The Court granted in part and denied in part the Plaintiff's motion.  **(*See* #4).**  It found that the Plaintiff's proposed solution of extending her time to file an Amended Complaint curing the jurisdictional defect to October 8 was unsatisfactory.  It then set a deadline of August 22, 2005 for the filing of an Amended Complaint.  However, it also stated that after the Plaintiff filed an Amended Complaint, she could file a Second Amended Complaint containing any substantive revisions either by October 8 or before service of process, "whichever comes first."

The Plaintiff filed an Amended Complaint on August 23, 2005, and the Court discharged its Order to Show Cause regarding subject matter jurisdiction.  However, the Plaintiff has not served either the original Complaint or the Amended Complaint on the Defendants.  Instead, she now seeks leave to file another Amended Complaint by January 26, 2006, and asks that she not be required to serve such Amended Complaint until that date.  She contends that she suffers from a disability (myalgic encephalomyelitis) that causes her exhaustion and has impeded her ability to meet the Court's deadline for personal service.  She also states that she has upcoming dental appointments and holidays which will further impair her ability to pursue her claims.

Pursuant to Fed. R. Civ. P. 4(m), "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that

defendant or direct that service be effected within a specified time; provided that if the plaintiff

shows good cause for the failure, the court shall extend the time for service for an appropriate

period." Because the Plaintiff is *pro se*, the Court construes her filings liberally. *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless, she is required to comply with the Rules of

Civil Procedure. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

The Plaintiff's upcoming dental appointments and holiday plans do not excuse her failure

to serve the Amended Complaint (or the original Complaint) upon the Defendants within the time

period prescribed by Rule 4(m). Therefore, she has not shown good cause to extend the deadline

for service of process.

**IT IS THEREFORE ORDERED** that the Plaintiff's claims are dismissed, without

prejudice. The Clerk of Court is directed to close this case.

Dated this 17th day of October, 2005.

**BY THE COURT:**

Marcia S. Krieger
United States District Judge

3