IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 05-cv-01061-MSK-PAC

PATRICIA DALTON,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a mutually held insurer owned by its members, doing business in the State of Colorado with national headquarters in Bloomington, Illinois, and
STATE FARM FIRE AND CASUALTY COMPANY, a wholly owned subsidiary of State Farm Mutual Automobile Insurance Company, also known jointly and severally as State Farm Companies,

    Defendants.

## ORDER DENYING MOTION

THIS MATTER comes before the Court on the Plaintiff's "Motion Pursuant to C.R.C.P. 60(b)(1) and (6)"[1] **(#13)** and supplement **(#14)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

This action was initiated by the filing of a *pro se* Complaint on June 10, 2005.[2] Shortly after the Plaintiff commenced this action, the Court issued an Order to Show Cause directing the

---

[1] The title of her motion references the Colorado Rules of Civil Procedure, but the body of her motion references the Federal Rules of Civil Procedure. As a federal court, this Court follows the latter.

[2] Because the Plaintiff is *pro se*, the Court has liberally construed all of her filings in this case. However, such liberal construction is subject to three constraints: (1) the Court cannot serve as the Plaintiff's advocate; (2) the Plaintiff is obligated to comply with all rules of the Court, *see Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); and (3) the Court cannot read the Plaintiff's mind with regard to any unstated matters.

Plaintiff to cure defects in jurisdictional allegations. The Plaintiff responded by filing an Amended Complaint and asking for an extension of time to file another Amended Complaint prior to serving the Defendants. On August 8, 2005, the Court granted the Plaintiff an extension of time until October 8, 2005 to either file a Second Amended Complaint or to serve the Complaint on file. The Plaintiff did neither.

Instead, on October 11, 2005,[3] she requested a further extension of another 120 days to file a Second Amended Complaint. She explained that the delay in filing a Second Amended Complaint was required due to her age (62), disability due to long term illness, anticipated dental work and the upcoming holiday season. Although these might have pertained to the drafting of a Second Amended Complaint, they were unrelated to service of a Summons and the Complaint on file. In the absence of good cause for further delay in service of a Summons and the Amended Complaint, and to allow the Plaintiff unlimited time to draft a Complaint that would be satisfactory to her, the Court dismissed **(#11)** the Plaintiff's claims, without prejudice, on October 17, 2005.

One day short of a year following the dismissal, the Plaintiff asks the Court for reconsideration and to reopen her case pursuant to Fed. R. Civ. P. 60(b)(1) and (6). Such rule provides:

> On motion and upon such terms as are just, the court may relieve a
> party or a party's legal representative from a final judgment, order,
> or proceeding for the following reasons: (1) mistake, inadvertence,
> surprise, or excusable neglect; . . . or (6) any other reason justifying
> relief from the operation of the judgment. The motion shall be

---

[3]The Plaintiff recognized that the deadline of October 8, 2005 fell on a Saturday and that the following Monday was a holiday, therefore the deadline was automatically extended to October 11, 2005.

> made within a reasonable time, and for reasons (1), (2), and (3) not
> more than one year after the judgment, order, or proceeding was
> entered or taken. . . .

The Plaintiff contends that her failure to file and serve a Second Amended Complaint by October 11, 2005, was the result of (1) the fact that she did not know that the Court had discharged the Order to Show Cause, and (2) an injury she sustained on the night of October 11, 2005 which prevented her from typing. She further contends that she is disabled, and that the Court disregarded her disability when it dismissed her claims without waiting for a statement from her physician. She asserts that the Court should have given her additional time to prepare and file a Second Amended Complaint because of her disability.

The Court's order of August 8, 2005 gave the Plaintiff two options - either serve a Summons and Amended Complaint by a specified date or file another Amended Complaint by that date. It did not require that another Amended Complaint be filed and served by that date. In seeking an extension, the Plaintiff linked the filing of another Amended Complaint with its service. It was clear that the she wanted to delay in serving the Defendants until she had "perfected and finalized" a Second Amended Complaint, but it was unclear why. She offered no explanation offered for her failure to complete service of a Summons and the already filed Amended Complaint within the period allowed. Service of a Summons and Amended Complaint required little of the Plaintiff. She did not tie her poor health, nor her claimed disability, to an inability to complete that task.

When the Court dismissed the Plaintiff's claims, without prejudice, it expressly stated: "This is not a dismissal on the merits of the Plaintiff's claims." In dismissing the case, the Court assumed that the Plaintiff was of poor health, that such disability had prevented her from

preparing and filing a Second Amended Complaint and that it might do so in the future. However, the Court recognized that this case had been pending for four months without any notice to the Defendants, and that the Plaintiff wanted another four months in order to figure out what claims she wanted to pursue before giving them notice. A four month delay in service of the filed Amended Complaint was not justified by good cause. By dismissing the action for lack of timely service, the Court deferred to Plaintiff's preference to delay service until she had "perfected" the form of Complaint that she desired to use. In essence, it freed her from any court deadlines or obligations to pursue her claims in a new action at a time of her choosing.

During the 364 days that followed the dismissal of this action, the Plaintiff did nothing to initiate a new action, nor did she seek to reopen. Only on the eve of the one year anniversary of the dismissal, did Plaintiff express any interest in pursuing claims. She offers no explanation for the intervening delay in doing so, nor any description of the claims she desires to assert.

Her request to set aside the dismissal of this action is unjustified under Rule 60. The allegedly new evidence and argument that she was injured on the night of October 11 does not bear on her ability to have served a Summons and the Amended Complaint on file on or before that date. Her complaint that she had not received the Court's Order Discharging its prior Order to Show Cause (**#8**)[4] is similarly irrelevant because Plaintiff knew in August that she needed either to serve a Summons and the Amended Complaint on file or file another by October 11, 2005. No good cause has been shown to reopen a case which has been closed for more than a year. If the Plaintiff desires to assert claims against the Defendants named in this case, she must do so in a new lawsuit.

---

[4]This Order was issued October 11, 2005.

**IT IS THEREFORE ORDERED** that the Plaintiff's "Motion Pursuant to C.R.C.P. 60(b)(1) and (6)" **(#13)** is **DENIED**.

Dated this 30th day of March, 2007

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge